UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARCH INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL HARDY, *et al.*,<br><br>Defendants. | Case No. 2:23-cv-00370-CDS-EJY<br><br>**ORDER** |

    Pending before the Court is the Revised Proposed Discovery Plan and Scheduling Order Pursuant to the Court's April 16, 2024 Minute Order. ECF No. 42. The proposed Plan and Order demonstrates the parties to this action, Daniel Hardy ("Hardy") and Scott and Cindy Thayer ("Thayers"), do not agree on whether any discovery should proceed in this action because discovery has occurred and continues in the consolidated action pending in the unofficial Northern Division of the District of Nevada (the "Northern Nevada Action"). *See* 3:23-cv-00207 (Hardy and Thayer v. Singh, GRK Transport LLC, Lucky Transport LLC et al.). The Court's review of the Northern Nevada Action docket shows the discovery deadline is set for February 7, 2025.

    Hardy seeks certain discovery in the instant matter, which he contends is not and will not duplicate any discovery that has already occurred. The Thayers say a stay of discovery in the instant matter is appropriate pending resolution of the Northern Nevada Action; however, the Thayers have not filed a motion to stay discovery.

    The Court finds as follow.

    1.    To the extent Hardy believes responses to discovery propounded on the Thayers in the Northern Nevada Action are inadequate, Hardy must proceed in that Action with appropriate efforts to obtain supplementation. No discovery may be propounded in the instant matter that arises from or is based on the alleged inadequate responses given by the Thayers in the Northern Nevada Action.

2. Since all parties to the instant matter are parties to the Northern Nevada Action, and damages of all kinds (irrespective of the source of payment) is relevant to the disposition of both disputes, the Court concludes the depositions of (a) Emily Villa, (b) Brianna L. Petersen, Ph.D., (c) Kyle Thayer, (d) Noah and Alice Vickers, (e) NHP Troopers Roberts and Stefik and Lander County Deputy Sheriff Derek Zacharias on their investigation, and (f) the "Medical Examiner's Office/Shanleigh McCullough/Henry McNett, M.D., funeral home employees on pain and suffering, disfigurement and special damages claim" should be taken only once.

3. It is unclear what information Hardy seeks through the depositions of the Thayers that was not covered in their prior depositions.

4. It is unclear to what entities Hardy seeks to serve subpoenas under Fed. R. Civ. P. 30(b)(6) regarding "compensation provided to and assets of the decedent and/or the Thayers on the issue of loss of probable support" that could not and would not be appropriately issued in the Northern Nevada Action so as to avoid multiple or duplicative depositions of the same entities or individuals.

5. It is unclear what Hardy seeks from NHP Troopers Roberts and Stefik and Lander County Deputy Sheriff Zacharias regarding "the Thayers' contact with the decedent."

Accordingly, IT IS HEREBY ORDERED that to the extent Hardy believes responses to discovery propounded on the Thayers in the Northern Nevada Action are inadequate in any way, Hardy must proceed in that action with efforts to obtain supplementation. No discovery may be propounded in the instant matter that arises from or is based on the alleged inadequate responses previously given by the Thayers in the Northern Nevada Action.

IT IS FURTHER ORDERED that Hardy and the Thayers are to meet and confer (and to the extent necessary, meet and confer with the additional parties to the Northern Nevada Action) to discuss setting the depositions of Emily Villa, Brianna L. Petersen, Ph.D., Kyle Thayer, Noah and Alice Vickers, NHP Troopers Roberts and Stefik, Lander County Deputy Sheriff Derek Zacharias, and the "Medical Examiner's Office/Shanleigh McCullough/Henry McNett, M.D." The parties are to find mutually agreeable dates on which such depositions can be set and taken. To the extent the deposition of any individual identified in this paragraph may require more than seven (7) hours due

to the number of parties participating in the deposition, the parties are free to agree to additional time to complete such deposition. If no agreement can be reached, the Court may be contacted for purposes of assisting with resolution of this specific issue. **No motions should be filed**. Counsel for the parties are to file a single joint document seeking a hearing for purposes of resolving the time limits on the depositions at issue.

IT IS FURTHER ORDERED that Hardy may file an offer of proof regarding the need to depose Scott and/or Cindy Thayer in the instant matter. Hardy may also include in the offer of proof a discussion of what he seeks from NHP Troopers Roberts and Stefik, and Lander County Deputy Sheriff Zacharias regarding "the Thayers' contact with the decedent." *See* ECF No. 42 at 8:19-20. The offer of proof **must** be no more than **seven** pages in length. Hardy is **not** to attach entire deposition transcripts to the offer of proof but may attach specific relevant pages that support the offer. The offer of proof **must** be filed no later than **May 17, 2024**. The Thayers may respond to the offer of proof no later than **May 31, 2024**. The Thayers' response is to be no more than **seven** pages. No reply is permitted.

IT IS FURTHER ORDERED that Hardy fails to provide sufficient information regarding what "[s]ubpoenas *ad testificandum* and *duces tecum* with Fed. R. Cip. P. 30(b)(6)" he seeks to serve on whom. Hardy states these subpoenas will "explore compensation provided to and assets of the decedent and/or the Thayers … issue of loss of probable support." It is unclear at best why damages claimed by the Thayers, as stated above, would not be equally relevant to the Northen Nevada Action. Thus, the parties must meet and confer regarding the subpoenas Hardy seeks to serve. The meet and confer must expressly address the entities on which Hardy seeks to serve subpoenas and what information he seeks. The parties must discuss whether and to what extent the information sought is relevant to the Northern Nevada Action and this matter. The parties are to consider agreeing on specific subpoenas, if possible, such that the information is gathered only once. If the parties cannot come to a full agreement, the parties **must** file a single document with the Court briefly describing the areas of dispute.

The parties are to keep in mind that discovery is broad, but must be proportionate to the needs of the cases (that is, both pending matters), and that information need not be admissible to be

discoverable. The tragic events leading to the Northern Nevada Action and the instant matter require the parties to **make sincere concerted efforts to find areas of agreement and compromise**. No stay of discovery is issued in this matter; however, that discovery pertinent to both cases should occur only once is of significant concern to the Court.

IT IS FURTHER ORDERED that the Revised Proposed Discovery Plan and Scheduling Order Pursuant to the Court's April 16, 2024 Minute Order (ECF No. 42) is DENIED without prejudice.

DATED this 2nd day of May, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE