UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Arch Insurance Company,

                  Plaintiff

   v.

Daniel Hardy, et al.,

                  Defendants

Case No. 2:23-cv-00370-CDS-EJY

**Order Granting Defendant's Request to Reassign Divisions**

[ECF No. 37]

       This is an insurance dispute. Defendant Daniel Hardy moves to reassign this case to this District's Northern Division. ECF No. 37. He argues that nothing in this interpleader action has any connection to the Southern Division, where this action currently sits, other than it is where Thayer's counsel resides. *Id.* Hardy further argues that the Northern Division is the appropriate division for this action to be heard because the collision giving rise to the parties' claims occurred in the Northern Division (Lander County). *Id.* Defendants Cindy Thayer and Scott Thayer oppose, arguing that the request for reassignment is untimely and thus waived, as it should have been made over nine months ago. ECF No. 40. I find that transfer is appropriate in this case.

       "'There is no time limit within which a motion to transfer under Section 1404(a) must be made, and the motion will not be denied merely because [it] is filed some time after suit is commenced and some progress is made on the pre-trial phase of the case.'" *Ancora Techs., Inc. v. Toshiba Am. Info. Sys.*, 2009 U.S. Dist. LEXIS 144036, *11 (C.D. Cal. Feb. 27, 2009) (quoting 17 Moore's Federal Practice § 111.17[2][a]). Instead, a court must determine if there is a clear and convincing showing of excessive delay and resulting prejudice. *See, e.g., In Re: Horseshoe Ent.*, 337 F.3d 429, 434 (5th Cir. 2003).

Here, even if I were to find the delay in this case excessive (which I do not), the Thayer defendants have made no argument, nor does there appear to be one, that moving this case to the Northern District will result in prejudice. *See generally* ECF No. 40. Instead, it appears that transferring the case will be more convenient for *all* parties and witnesses. Indeed, all of the parties and nearly all of the witnesses in this action reside in the Northern Division and the underlying car accident occurred there. ECF No. 41 at 3. Further, I consulted with Judge Traum, to whom this case would transfer, and she agrees that transfer is appropriate.

Accordingly, having considered Local Rule 42-1, together with the other information set forth in this order, we find that on balance, despite the delay, the relevant factors weigh in favor of intra-district transfer. For the convenience of the parties and witnesses, we agree to transfer this case to the unofficial Northern Division.

## Conclusion

IT IS HEREBY ORDERED that Hardy's motion to reassign divisions [ECF No. 37] is GRANTED. This case is reassigned to District Judge Anne R. Traum in the unofficial Northern Division of Nevada and Magistrate Judge Craig S. Denney.

Dated: June 3, 2024

_____
Cristina D. Silva
United States District Judge

_____
Anne R. Traum
United States District Judge